IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
FEB 26 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

EARL STEPHENSON, et al.,

    Plaintiffs,

v.                               CIVIL ACTION NO. 2:14cv485

DLP Enterprises, Inc.
(d/b/a Paige Decking), et al.,

    Defendants.

### *MEMORANDUM OPINION & ORDER*

    Before the Court is Plaintiffs' Motion for Conditional Class Certification pursuant to 29 U.S.C. § 216 (b). ECF No. 21. Specifically, Plaintiffs move for conditional certification of an opt-in class of all persons who worked for Defendants as piece workers or hourly workers at any time since August 7, 2012, with two sub-classes: (1) laborers who worked in excess of forty hours in one or more workweeks but were not paid overtime compensation; and (2) laborers who worked in one or more workweeks but were not paid at least minimum wage for every hour worked. *Id.* The Motion has been fully briefed, and the Court has determined that a hearing would not aid in the decisional process. For the reasons stated below, Plaintiffs' Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

    This action is a Fair Labor Standards Act ("FLSA") case filed pursuant to 29 U.S.C. § 216(b) to recover compensatory and liquidated damages, attorney fees, and other relief. Plaintiffs assert that Defendants violated the FLSA, and they therefore bring this case on behalf of themselves and all other employees similarly situated. Plaintiffs also assert individual claims

for unpaid wages under state law.

Defendant DLP Enterprises is a subcontractor to businesses with contracts with the United States Government. Specifically, DLP performs maintenance and rehabilitation work on U.S. Navy and Military ships. Defendants Denise and Scott Paige are the owners, officers, and directors of DLP, and control the day-to-day operations of the company. The Paiges handle hiring and firing of employees, direct timekeeping and payroll practices, and set wages, assignments, and employee schedules. Plaintiffs first started working for DLP through a staffing firm but were later hired directly by Defendants. During their employment with Defendants, Plaintiffs were laborers who performed piecework at $1.50/sq foot or $2.50/sq foot and non-piece work at $10/hr.

On October 1, 2014, Plaintiffs filed the Complaint alleging three claims: (1) Unpaid Overtime and Straight Time under the FLSA; (2) Unpaid Minimum Wage under the FLSA; and (3) Breach of Contract.

On October 28, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 9. Plaintiff responded on November 13, 2014, with a Cross Motion to Amend/Correct Complaint and a Memorandum in Opposition to the Motion to Dismiss for Failure to State a Claim. ECF Nos. 12 and 13. Defendant filed a Reply on November 20, 2014. The Court heard oral argument on the motion and issued an Order denying the Motion to Dismiss on July 1, 2015.

Defendants filed an Answer to the Complaint on July 7, 2015. ECF No. 19, and the instant Motion was filed on August 7, 2015. The parties have submitted memoranda in support and opposition and the Motion is ripe for judicial determination.

## II. LEGAL STANDARD

Section 216(b) of the FLSA explicitly provides for representative or class actions:

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to [a class] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Thus, FLSA class certification requires: (1) that the Plaintiffs in the class be "similarly situated," and (2) that the plaintiffs included in the class "opt in" by filing with the court their consent to the suit. *Enkhbayar Choimbol v. Fairfiled Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). Permitting certification is "intended to serve the important objectives embodied in the FLSA by facilitating a resolution in a single proceeding of claims stemming from common issues of law and fact, and to aid in the vindication of the plaintiffs' rights by lowering the individuals' costs by pooling claims and resources." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

The initial FLSA class certification commences with conditional certification, prior to discovery, after a showing that the putative class members are similarly situated. *Choimbol v. Fairfiled Resorts, Inc.*, 475 F. Supp. 2d 557, 562-63 (E.D. Va. 2006). At this stage in the proceedings, the district court's determination of whether to grant conditional certification is "made using a fairly lenient standard." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). This first stage is known as the notice stage. Here, the district court determines whether initial notice of the action should be provided to potential class members. *Id.* The court need not rely on more than "substantial allegations that the putative class members were together

3

victims of a single decision, policy or plan." *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995). Finally, "the district court may facilitate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send to potential plaintiffs, or by some other appropriate action." *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d at 663 (citing *Hoffmann-La Roche*, 493 U.S. at 169).

### III. DISCUSSION

Plaintiffs move for conditional certification of its FLSA unpaid overtime claims for the opt-in class of "[a]ll persons who worked for DLP as piece workers or hourly workers at any time since August 7, 2012." ECF No. 22 at 1. The class shall be divide into two subclasses: (a) laborers who worked in excess of forty hours in one or more workweeks, but were not paid the overtime compensation due (the Overtime Class); and (b) laborers who worked in one or more workweeks and were not paid at least $7.25 per hour for every hour worked (the Minimum Wage Class). *Id.*

The proposed Overtime Class includes Plaintiffs and those similarly situated who were "employed by DLP to perform maintenance and rehabilitation work on U.S. Navy and Military Sealift Command Ships." ECF no. 22 at 3. Work included "staging materials and equipment, preparing spaces on ships for rehabilitation, removing materials such as tile or terrazzo from decks and bulkheads down to the bare metal, priming and preparing metal surfaces for repainting or redecking, and removing debris." *Id.* Work is contracted based on the square footage of the spaces to be rehabbed. Plaintiffs allege that DLP instructed its workers to undercount the spaces rehabbed for compensation purposes. At the same time, Plaintiffs allege, DLP charged contracting partners for the full amount of space specified in the contracts. According to Plaintiffs, the difference between what was charged and what employees were told to report was

pocketed by Defendants. *Id.* at 4. While Plaintiffs worked 8 a.m. to 5 p.m. or later Monday through Friday, they also often worked on Saturday and/or Sunday in order to meet production schedules. Plaintiffs allege that they were instructed to falsify timesheets so as to avoid overtime payments.

The proposed Minimum Wage Class includes Plaintiffs and those similarly situated who received no pay or less than minimum wage for hours worked in a workweek.

In support of their Motion, Plaintiffs argue that (1) their declarations establish that they are similarly situated to the putative class and appropriate representatives for the overtime class; (2) that they and the laborers in the putative class were subject to the same timekeeping and daily rate payroll policies, practices, and procedures; (3) that they were subject to the same supervision, working conditions, and job duties, and (4) that they were subject to the same failure to pay overtime for hours more than 40 worked in a workweek and the same failure to pay all of the square footage completed during overtime weeks. ECF No. 22 at 13.

Defendants argue that (1) Plaintiffs are not similarly situated to DLP's California employees; (2) Plaintiffs are not similarly situated to employees with different duties or those who were not paid piece rate wages; (3) the class cannot include Plaintiffs' supervisors; (4) the request for information about DLP's current and former employees is too broad; and (5) Plaintiff's proposed notice and consent forms are misleading. ECF No. 19. Plaintiffs respond that they do not seek to represent supervisors or DLP employees in California. ECF No. 27 at 1.

At this stage in the proceedings, the Court's determination is based on whether Plaintiffs have met their burden under the "similarly situated" analysis. While Defendants raise issues that could be relevant on a motion for decertification or later dispositive motions, resolution of those issues is not essential at this stage of the conditional certification analysis. The inquiry at present

is necessarily limited because the court has minimal information about the contours of the representative class members. Consequently, "in employing this more lenient standard, the court will consider whether Plaintiffs are 'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'" *Enkhbayar Choimbol*, 475 F. Supp. 2d at 563 (citing *De Jesus De Luna-Guerrero v. The North Carolina Grower's Assoc.*, 3378 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (citing Kearns, The Fair Labor Standards Act, § 18.IV.D.C)). The Court's charge is to examine whether Plaintiffs "raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." *Id. See also Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) (holding that class actions under the FLSA require a showing that potential plaintiffs were subjected to a common policy and scheme).

The Court finds that Plaintiffs have made the requisite showing for conditional certification. The Plaintiffs and the putative class include piece workers and hourly workers employed by DLP at any time since August 7, 2012. The two subclasses appropriately separate Plaintiffs who were not compensated with overtime pay and those who were not compensated at the minimum wage. Nothing about the class distinctions "subject Plaintiffs to factually distinct defenses which would work to undermine the benefit associated with collective actions, including judicial economy and efficiency by avoiding multiple lawsuits and repetitious evidence." *Enkhbayar Choimbol*, 475 F. Supp. 2d at 563; *See Hofmann-La Roche*, 493 U.S. at 170 (holding that collective actions serve judicial interests through resolution of a single proceeding of claims rooted in common issues of law and fact).

On this Motion for Conditional Certification, Plaintiffs need only make a modest factual

showing that is sufficient to demonstrate that they and potential class members together were victims of a common policy or plan that violated the law. *De Asenico*, 130 F. Supp. 2d at 662; *See also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003). Plaintiffs have shown that all Plaintiffs and potential class members were victims of Defendants alleged policy of withholding minimum wages and overtime pay in violation of the FLSA.

Having reviewed the Complaint, the Motion and attached exhibits and memoranda, the Court finds that Plaintiffs have sufficiently carried their burden on conditional class certification. The proposed class will be conditionally certified.

The Court further finds that the proposed Notice and Consent to Join are proper. Plaintiffs submitted revised Notice and Consent to Join with their Reply to Defendants' Opposition to this Motion and the Court finds both to be appropriate for the FLSA conditional class certification. First, the notice clearly indicates that putative class members are being instructed on the procedure for joining the lawsuit, but that the choice to do so is theirs to make. Second, the notice properly informs putative class members that Plaintiffs' counsel are retained on a contingency fee basis. Third, the Court finds that disclosure of telephone numbers along with names and addresses will expedite the notice process. *Mercado v. North Star Foundations, Inc.*, 2011 WL 1557887 at *4 (D. Md. Apr. 21, 2011).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Conditional Class Certification is **GRANTED**. The Court having determined that a hearing would not aid in the decisional process, the Motion for Hearing is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to 29 U.S.C. § 216(b) a Conditional Class Certification and Notices under FLSA including subclasses is **GRANTED** for the named

Plaintiffs to include the following employees in the collective action:

(1) All persons who worked for DLP as piece workers or hourly workers at any time since August 7, 2012;

and subclasses of:

(2) laborers who worked in excess of forty hours in one or more workweeks, but were not paid the overtime compensation due; and

(3) laborers who worked in one or more workweeks and were not paid at least $7.25 per hour for every hour worked.

**IT IS FURTHER ORDERED** that Defendants shall provide to Plaintiffs' counsel the names and last known addresses, and telephone numbers of all potential members of the conditionally certified class and subclasses within fifteen days of the date of this Order;

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall circulate notices of pendency and consent to joinder to all potential members of the conditionally certified class and subclasses in accordance with the attached notice;

**IT IS FURTHER ORDERED** that any consents to join in this action by which additional persons join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of Court no later than sixty days after the date of this Order or by the providing to Plaintiff's counsel by Defendants the names and last known addresses of all potential members of the conditionally certified class and subclasses, whichever date is later.

**IT IS FURTHER ORDERED** that the parties shall attend a settlement conference on a date to be determined by the Court; and

**IT IS FURTHER ORDERED** that the filing of all dispositive motions shall be **STAYED** until further notice of this Court.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 26, 2016

/s/
Raymond A. Jackson
United States District Judge