**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

EARL STEPHENSON, et al.,

     Plaintiffs,

v.                              ACTION NO.   2:14cv485

DLP ENTERPRISES, INC.,
     (d/b/a Paige Decking), et al.,

     Defendants.

## ORDER

Pending before the Court are:  (1) Plaintiffs' Motion to Compel (ECF No. 29); and (2) Defendants' Motion for a Protective Order (ECF No. 32).   The Court addressed these motions at a telephonic hearing on March 15, 2016.   James Theuer, Esq., and Andrea Ruege, Esq., appeared on behalf of plaintiffs.   Anne Bibeau, Esq., appeared on behalf of defendants.   The official court reporter was Janet Collins.   For the reasons stated at the hearing and outlined below, plaintiffs' motion to compel is GRANTED in part and DENIED in part and defendants' motion for a protective order is GRANTED in part and DENIED in part.

With respect to the motion to compel, outstanding issues regarding request for production #13 have been rendered moot by the Court's February 26, 2016 ruling (ECF No. 37) granting plaintiffs' motion for conditional class certification and the defendants' agreement, during the telephone hearing, to produce the requested information.   Accordingly, plaintiffs' motion to compel, with respect to request #13, is DENIED as moot.   With respect to production requests #4, 22, and 23, plaintiffs' motion to compel is GRANTED, subject to the Court's ruling on

defendants' motion for protective order, as discussed below.   With respect to production request #2 and based upon defendants' representations in their filings and during the hearing, plaintiffs' motion is GRANTED such that defendants are directed to supplement their response to:  (a) address whether responsive text messages (to and from other supervisors and administrators) discussed by plaintiffs' counsel during the telephonic hearing exist; and (b) if not, to state affirmatively that there is no electronically-stored information ("ESI") responsive to that request. To the extent that plaintiffs seek to have defendants provide an explanation describing the methodology of their search for ESI, that request is DENIED.   Plaintiffs' motion is also GRANTED with respect to defendants' redaction of information from prior discovery responses. Due to the Court's granting of the motion for conditional certification and because disclosure of the redacted information "appears reasonably calculated to lead to the discovery of admissible evidence," *see* Fed. R. Civ. P. 26(b)(1), defendants shall respond to plaintiffs' requests without redacting information.   Consistent with this Order, defendants shall respond to and/or supplement the outstanding requests not later than April 1, 2016.

With respect to defendants' motion for protective order (ECF No. 32), the Court directs that the proposed protective order be amended as follows to specify procedures pertaining to the disclosure of alleged confidential information to non-party, potential witnesses.  Following the defendants' disclosure of records identified by the defense as confidential and review of such records by plaintiffs' counsel, and before plaintiffs' counsel discloses any such records to non-party, potential witnesses, counsel for the parties shall engage in one or more of the following procedures.   First, counsel shall determine whether there are any challenges to the designation of such records as confidential and shall meet and confer to attempt to resolve any such disputes.

2

Second, counsel shall determine whether confidential documents that plaintiffs seek to disclose to non-party, potential witnesses may be redacted so as to render the documents non-confidential and thereby subject to disclosure without restriction and shall meet and confer to attempt to agree on appropriate redactions.   Third, if after undertaking the prior steps counsel are unable to resolve a dispute, counsel for plaintiffs shall disclose to counsel for defendants the identity of the non-party, potential witness(es) to whom plaintiffs seek to disclose information designated as confidential. Thereafter, counsel for defendants shall promptly advise in writing whether an objection to disclosure exists and the basis for such objection.   Counsel shall then meet and confer to determine whether the objection may be obviated by means of redaction or by other procedures, which would allow plaintiffs to make use of the information while protecting information designated by defendants as confidential.   Fourth, if counsel are unable to resolve any dispute pertaining to the disclosure of such information to non-party, potential witnesses, they shall contact the undersigned to schedule a telephone conference to discuss the matter.   If, after such conference, the matter remains in dispute either party may promptly present the matter to the Court by motion seeking a modification of the protective order and plaintiffs shall not disclose information designated as confidential to such potential witnesses until the Court has ruled on the matter.   In conformance with this ruling, counsel shall submit an amended, proposed protective order to the Court, not later than March 22, 2016.

Taking into account the parties' filings, their reasons for bringing both motions to the Court's attention, and the statements of counsel during the telephone hearing, the Court finds that

an award of reasonable expenses, including attorneys' fees, is inappropriate with respect to both motions and that any such award would be unjust.   *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

      IT IS SO ORDERED.

/s/
_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 15, 2016