IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN - 4 2017
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

EARL STEPHENSON
CURTIS DINKINS
STEVEN WILSON,
   and
CHARLES FEAGIN,
   On behalf of themselves and all others
   Similarly situated,

   Plaintiffs,

v.                                            Civil Action No. 2:14cv485

DLP ENTERPRISES, INC.,
   d/b/a Paige Decking,
Scott Paige, and
Denise Paige,

   Defendants.

## AMENDED MEMORANDUM OPINION & ORDER

This matter is before the Court for consideration of a Joint Motion for Approval of Settlement, and Plaintiffs' Unopposed Petition for Approval of Attorney's Fees and Expenses. On December 13, 2016, the Court held a Settlement Fairness Hearing. ECF No. 77. For the reasons stated in open court, and in this Order, the Joint Motion for Approval of Settlement is **GRANTED**, and Plaintiffs' Unopposed Petition for Approval of Attorney's Fees and Expenses is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

This action is a Fair Labor Standards Act ("FLSA") case filed pursuant to 29 U.S.C. § 216(b) to recover compensatory and liquidated damages, attorney fees, and other relief. Plaintiffs assert that Defendants violated FLSA, and bring this case on behalf of themselves and

1

all other employees similarly situated. Plaintiffs also assert individual claims for unpaid wages under state law.

On August 31, 2016, a settlement conference was scheduled for this matter for October 17, 2016 at 9:30 a.m. before Magistrate Judge Douglas E. Miller. On September 1, 2016, Magistrate Judge Douglas E. Miller issued a Settlement Conference Order providing instructions to the Parties for the settlement conference. ECF No. 67. On September 8, 2016, Plaintiffs moved the Court to reschedule the Judicial Settlement Conference to October 26, 2016. ECF No. 68. On September 8, 2016, the Court issued an Order granting Plaintiffs' Consent Motion, and rescheduled the Judicial Settlement Conference to October 26, 2016 at 9:30 a.m. before Magistrate Judge Robert J. Krask. ECF No. 69. On October 26, 2016, the Parties participated in a settlement conference, for more than seven hours, before Magistrate Judge Robery J. Krask. *See* ECF Nos. 73 and 76.

On October 27, 2016, the Parties filed a notice of proposed settlement. ECF No. 73. On November 14, 2016, Plaintiffs filed a Joint Motion for Settlement. ECF No. 74. On December 13, 2016, the Court held a Motion Hearing for Settlement. ECF No. 77.

## II. LEGAL STANDARDS

An FLSA settlement must be approved by a federal district court. "There is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009). "When considering a motion to approve a FLSA settlement agreement, courts weigh a number of factors, including:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
(3) the absence of fraud or collusion in the settlement;
(4) the experience of counsel who have represented the plaintiffs;
(5) the probability of plaintiffs' success on the merits[;] and
[(6)] the amount of the settlement in relation to the potential recovery."

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (J. Morgan) (citing *In re Dollar General Stores FLSA Litigation*, No. 5:09–MD–1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011); *Lomascolo*, 2009 WL 3094955, at *10).

### III. DISCUSSION

In order for a court to approve a FLSA settlement, the settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions[,]" which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the six settlement factors noted above, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.1982); *Lomascolo*, 2009 WL 3094955, at *10; *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

In the present case, the parties argued in a Joint Motion, as well as at the Motion Hearing for Settlement Approval that their settlement should be approved because they satisfied the aforementioned factors. ECF No. 75. Upon review, the Court **FINDS** that the settlement was a fair and reasonable resolution of a bona fide FLSA dispute, and that the settlement was fair and adequate as required under Federal Rule of Civil Procedure 23(e).

### A. Bona Fide Dispute

Throughout the suit, the Named Plaintiffs alleged claims for unpaid overtime, minimum wages, and straight time wages in non-overtime weeks in the Complaint. Compl. ¶¶ 41-48. During discovery, which included sworn interrogatory answers and depositions, Plaintiffs persisted in their claims, and Defendants denied all liability. Ans. ¶¶ 41-48. Similarly, the Named Plaintiffs and one Opt-In Plaintiff vehemently disputed with Defendants about being overpaid. In the settlement, Defendants continued to deny all liability. Settlement Agreement ¶ III(A). After hours of negotiations, the parties reached a settlement. ECF No. 75. For these reasons, the Court finds that a bona fide dispute existed between the parties.

### B. Fairness and Reasonableness

In finding this settlement fair and reasonable, as noted above, the Court evaluates several factors, including: " '(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.' " *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

#### 1. Extent Discovery Has Taken Place

To date, the parties have undergone extensive discovery. All of the exhibits and documents submitted to the Court, on the record and *in camera*, affirm this fact. For example, the

written discovery between the parties includes more than 13,000 pages and various relevant "native files."[1] ECF No. 75. As a result, this factor weighs in favor of settlement.

### 2. The Stage of the Proceedings

The parties have litigated this matter for more than two years and have filed and argued multiple motions in this case. *See In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 254 (E.D. Va. 2009) ("When 'several briefs have been filed and argued, courts should be inclined to favor the legitimacy of a settlement.' "). In arguing motions, the Court previously denied Defendant's Motion to Dismiss and Motion for Entry of Default. ECF Nos. 17 and 23. The Court also granted Plaintiffs' Motion for Conditional Class Certification and Granted and Denied in part Plaintiffs' Motion to Compel and Defendant's Motion for Protective Order. ECF Nos. 37, 40, and 46. As the result of the parties' progress in the litigation, and filed motions, this factor weighs in favor of settlement.

### 3. Absence of Fraud or Collusion

In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred. *Winingear*, 2014 WL 3500996 at * 3 (citing *Lomascolo*, 2009 WL 3094955 at *12). In this case, the settlement terms were reached after mediation before Magistrate Judge Robert J. Krask, which lasted for more than seven hours before the parties reached an agreement. *See* ECF No. 75. No evidence exists to suggest the settlement was procured by fraud. As a result, this factor favors settlement approval.

### 4. Experience of Counsel

Counsel for Plaintiffs and Defendant are competent litigators experienced in federal and employment litigation. Plaintiffs' lead counsel is James Richard Theuer, Lisa Ann Bertini, and

---

[1] The documents included: time sheets, square footage worksheets, contractual documents for dozens of separate contracts with contractual square footage information, gate-swipe data from Newport News Shipyard, and temporary agency assignment and wage records. ECF No. 75.

5

Andrea Ruege. ECF No. 75. James R. Theuer has litigated more than ten single or multiple plaintiff FLSA actions, and Lisa Bertini is an experienced employment law trial attorney who has represented both employers and employees in numerous employment actions before this Court. *Id.* Andrea Ruege is an associate attorney with Bertini Law, PC., who is in good standing with this Court. *Id.* In light of counsels' experience in this case, this factor weighs in favor of settlement.

### 5. Opinion of Class Counsel and Class Members

As discussed above, counsel has experience in federal court and employment litigation. As a result, their opinion is entitled to weight. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement.").

Furthermore, the opinion of class members is a factor to consider in assessing the fairness and the adequacy of the settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir.1991. The opinion of class members concerning the settlement " 'is perhaps the most significant factor to be weighed in considering its adequacy.' " *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va.2001) (quoting *Sala v. Nat'l R.R. Passenger Corp.*, 721 F. Supp. 80, 83 (E.D. Pa. 1989)). To date, no objections to this settlement have been filed. This fact, coupled with counsels' experience, weighs heavily in favor of settlement.

### 6. Probability of Success and the Likely Amount of Recovery

Of all of the factors, the United States Court of Appeals for the Fourth Circuit has found that the probability of success and the likely amount of recovery is of utmost importance. *Mills Corp.*, 265 F.R.D. at 256 (stating, "This factor is of the utmost importance, 'because 'if the

settlement offer was grossly inadequate [...] it can be adequate only in light of the strength of the case presented by the plaintiffs.' ") (quoting *Flinn*, 528 F.2d at 1172)). In the present case, the parties have settled, and all of the Plaintiffs are receiving a reasonable award in light of the individual situations of each Plaintiff. As a result, this factor favors settlement.

### C. Attorney's Fees

In a FLSA action, and an action under the Virginia state law equivalent, an award of attorney's fees is appropriate. 29 U.S.C. § 216(b); VA. CODE. ANN. § 9.1-704 (2005). Here, the settlement provides for Plaintiffs' counsel to receive $100,000 for fees and costs. ECF No. 75. Costs in the action amount to $4,708.52, leaving $95,291.48 for attorney's fees. *Id.*

The award of attorney's fees is determined by first establishing the "lodestar" amount, derived from "a 'reasonable hourly rate multiplied by hours reasonably expended.' " *Grissom v. Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). Once the Court makes the lodestar determination, it evaluates the twelve *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), factors to assess reasonableness:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978). There is no strict manner in applying and considering these factors. *Trimper v. City of Norfolk*, 846 F. Supp. 1295, 1303 (E.D. Va.1994). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525

(E.D. Va. 2011), and of "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

After reviewing class counsel's reports, which included counsel's time records and affidavits attesting to counsel's reasonable fee rates, submitted *in camera*, counsel proposed a lodestar fee of $68,122.86 for 346.1 professional hours expended by James R. Theur, Esq., and $31,620.95 for 168.17 professional hours expended by Bertini Law, P.C. The affidavits, from two local employment law attorneys, affirmed that the fees and hours charged in this case are reasonable and on par with the hourly rates charged by law practitioners in Hampton Roads having similar qualification for litigation of this kind. *See* ECF Nos. 78 & 79. After reviewing the itemized billing entries, the Court **FINDS** that the charges were reasonable and no actions were taken to needlessly inflate the lodestar figure.

Moreover, the *Johnson* factors also weigh in favor of approving counsels' attorney's fees. With regard to the first factor, a team of attorneys and paralegals spent 574.84 hours working on this case, for a market value of $95,291.48 as of November 14, 2016. ECF No. 75. Under the settlement, the composite average figure of hourly rate for the time necessarily and reasonably expended by all timekeepers in the case is $169.57/hour. *See Gregory v. Belfor USA Grop., Inc.*, No. 2:12cv11, 2014 WL 468923, at *5 (E.D. Va. Feb.4, 2014) (averaging fees between partners, associates, and paralegals); *See also* ECF No. 75. Additionally, Plaintiffs' counsel advanced $4,708.52 to cover costs and expenses in support of this litigation. ECF No. 75.

In further assessing the reasonableness of the fees, all twelve factors favor approval of counsels' fee award. With regard to the second, third, and ninth factors, researching the working hours of the Named Plaintiffs, as well as the law on potentially applicable exemptions, required extensive discovery. Additionally, the wealth of issues that were presented by the parties, and the experience of counsel, indicates a significant degree of skill was necessary to properly litigate this lawsuit.

Regarding the sixth factor, the Complaint requests attorney's fees, which indicates that Plaintiffs' counsel understood that its payment hinged on successfully pursuing this claim. With regard to the twelfth factor, this Court has approved settlements in which the attorney's fees exceeded the damages to the plaintiffs, and in this case the fee award is reasonable. *See, e.g., Lomascolo*, 2009 WL 3094955 at * 5 (noting that more than 50% of the amount paid by the defendants was for attorney's fees but finding "the settlement is fair and reasonable and the apportionment of that amount contained in Exhibit C is appropriate, including the payment of attorney's fees.").

The eighth factor also supports the reasonableness of the requested fee award. The Named Plaintiffs in this case will be receiving an award of over $20,000 from the settlement fund, and the Opt-In Plaintiffs will be receiving between $20.00 and $3,360.70 for their claims. ECF No. 75. Opt-In Plaintiffs, with supported allegations of damages, are receiving 92% of the value of their claim. *Id.* In total, the Plaintiffs will be receiving an award of $88,000. Given the size of the class, this is a positive outcome. *Id.*

The fourth and seventh factors also support the reasonableness of counsels' requested fee award. The amount of hours this case required forced the attorneys to forego other opportunities and "monopolized" counsels' time during those periods. *See Winnigear*, 2014 WL 3500996 at *

7; *see also* ECF No. 75. Additionally, the calculation for damages flowing from the suit were complex, involving both hourly and piece-rate work, and piece-rate work at varying rates of pay, within the same work week, and contradictory square footage figures for the work performed. The calculations required expertise in applying the FLSA regulations, 29 C.F.R. Part 778, that addressed these issues. For these reasons, the Court finds that counsel's fee award is reasonable and appropriate.

## IV. CONCLUSION

The Joint Motion for Approval of Settlement is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**. The Unopposed Petition for Approval of $95,291.48 for Attorney Fees and $4,708.52 for Costs is also **GRANTED**. Accordingly, Attorney James R. Theur is granted $71,468.61, and the Bertini Law Firm is granted $23,822.87, which is based on a 75/25 percentage split-fee agreement between counsel. All monies designated for opt-in Plaintiffs who have failed to return their tax forms shall be returned to the Defendants.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
January 4, 2017

Raymond A. Jackson
United States District Judge